# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. P. PARNELL,<br><br>    Petitioner,<br><br>    v.<br><br>D. CUEVA, Warden,<br><br>    Respondent. | Case No. CV 20-07422-DMG (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Petitioner, a state prisoner, filed this petition challenging his 1990 conviction in the Los Angeles County Superior Court. [Doc. # 1.] For the following reasons, the petition is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

In 1990, Petitioner was convicted of murder and attempted robbery. He was sentenced to state prison for a term of life without parole. The California Court of Appeal affirmed his conviction on direct review, and the California Supreme Court denied his petition for review. His petitions for a writ of habeas corpus were denied by the state courts. [Doc. # 1.]

In 1997, Petitioner filed a petition for a writ of habeas corpus in the Central District of California challenging his 1990 conviction. *See* Case No. CV 97-05759-

MRP(FFM). That petition originally was dismissed as untimely. Petitioner successfully moved to vacate the dismissal, however, based upon new authority from the Ninth Circuit. Consequently, the Court addressed the merits of Petitioner's eight claims for relief. On July 21, 2011, after concluding that Petitioner was not entitled to relief, judgment was entered denying the petition and dismissing the action with prejudice. Petitioner's requests for a certificate of appealability were denied by this Court and by the Ninth Circuit. In 2019, Petitioner filed a "motion for reconsideration" in the 1997 case. That motion was denied on the ground that it was a disguised second or successive habeas corpus petition. [*See* Doc. ## 109, 118, 119, 127, 131 in Case No. CV 97-05759-MRP(FFM).)

On August 11, 2020, Petitioner filed the present petition. While the petition indicates that it challenges Petitioner's 1990 conviction [Doc. # 1 at 1], the grounds for relief focus upon the adjudication of his petition in Case No. CV 97-05759-MRP(FFM) ("the prior habeas corpus action"). Specifically, Petitioner alleges that in the prior habeas corpus action: (1) the Court "muddled facts" and "injected bias" in its rulings, including its order substituting the respondent, reflecting "continuing patterns of disenfranchisement and abuse under the law"; (2) the Court failed to adhere to *stare decisis*, causing the court to "reverse itself"; (3) in June 2010, the Court abrogated federal law when it refused to allow petitioner to amend his petition; and (4) the Court abrogated Supreme Court law when it "championed the cause of Respondent Attorney General" and denied Petitioner's petition on the merits. [Doc. # 1 at 4-5.]

## DISCUSSION

### A. Petitioner Cannot Proceed Under 28 U.S.C. § 2254

As noted above, the petition does not include any allegations directly challenging the validity of Petitioner's state court conviction. Nevertheless, Petitioner used the form for § 2254 petitions, and he indicates that he intends to challenge his 1990 conviction in the Los Angeles Superior Court. [Doc. # 1 at 1.]

2

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Because Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition, this Court is without jurisdiction to entertain it. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). Furthermore, to the extent that Petitioner might contend that his petition meets an exception to the bar on successive petitions, his argument must first be presented to the Court of Appeals.

**B. Petitioner Cannot Proceed By Way Of The All Writs Act.**

Petitioner indicates that he "seeks to come under 28 U.S.C. §1651, because more than one endeavor filed under §2254, has shown that the Central District Court is determined to affirm its past rulings. As such, §2254 proves 'inadequate or ineffective' as a remedy. . . ." [Doc. # 1 at 8.]

Petitioner's attempt to circumvent the law precluding successive petitions by invoking 28 U.S.C. § 1651 ("the All Writs Act") is unavailing. The All Writs Act provides that "all courts ... may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In addition, "[a]n alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction." 28 U.S.C. § 1651(b). Critically, the All Writs Act is not itself a source of jurisdiction. *See Chavez v. Superior Court*, 194 F. Supp. 2d 1037, 1039 (C.D. Cal. 2002). While in extraordinary circumstances *coram nobis* relief may be available in post-conviction proceedings in *federal* criminal cases, *see Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987), it is not available in federal court to attack a *state* court conviction. *See Casas-Castrillon v. Warden*, 265 F. App'x 639, 640 (9th Cir. 2008); *Siddiqi v. Supreme Court of*

3

*California*, 2019 WL 1045130, at *1 (C.D. Cal. Mar. 4, 2019). Thus, Petitioner's citation to 28 U.S.C. § 1651 is insufficient to confer jurisdiction over his petition.

For the foregoing reasons, IT IS ORDERED that Judgment be entered dismissing this petition for lack of jurisdiction. Petitioner's request to proceed *in forma pauperis* is DENIED [Doc. # 6].

DATED: January 4, 2021

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE